UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES EDDINS, JR.,                       Case No. 1:12-cv-48

    Plaintiff,                           Dlott, J.
                                         Bowman, M.J.
   v.

DEPARTMENT OF OHIO VETERANS OF FOREIGN WARS,

    Defendant.

## REPORT AND RECOMMENDATION

On January 18, 2012, Plaintiff initiated this lawsuit *pro se,* by moving for leave to proceed *in forma pauperis*. (Doc. 1). Plaintiff's employment discrimination complaint, (Doc. 3), generally alleges that as a minority employee, he was the only Outreach State Service Counselor to be transferred from Cincinnati to the Cleveland, Ohio Service office. After Defendant filed its answer on March 9, 2012, this Court entered an order directing Plaintiff and opposing counsel to meet for a discovery conference, and to file a joint Rule 26(f) report by April 30, 2012. (Doc. 7).  On May 3, 2012, the Court advised the parties that their Rule 26(f) report was past due.  On May 4, 2012, defense counsel responded to the Court's notification with a unilaterally proposed Rule 26(f) report, explaining that no meeting had taken place or joint report finalized, because counsel had been unable to contact Plaintiff by telephone.

On May 7, 2012, the Court filed an "Order to Show Cause," directing Plaintiff to "**SHOW CAUSE**, in writing and within **20 DAYS** of the filing date of this Order, why this action should not be dismissed for lack of prosecution for failing to file a Rule 26(f) Report.

Failure to comply with this Order will result in a Report and Recommendation to the District Judge that this case be DISMISSED for lack of prosecution." (Doc. 9).

While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *See id.*, 951 F.2d at 110.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

As Plaintiff failed to meet and confer on a joint Rule 26(f) order and has additionally failed to respond to the Court's "show cause" order, **IT IS RECOMMENDED THAT** this case be DISMISSED WITH PREJUDICE for failure to prosecute.

           s/ Stephanie K. Bowman
           Stephanie K. Bowman
           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES EDDINS, JR.,                          Case No. 1:12-cv-48

      Plaintiff,                                Dlott, J.
                                                Bowman, M.J.
   v.

DEPARTMENT OF OHIO VETERANS OF FOREIGN WARS,

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).